## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

Denise W.,[1]

                                        Plaintiff,

         v.                                        5:25-CV-349
                                                   (MJK)


Commissioner of Social Security

                                        Defendant.

Howard D. Olinsky Esq., for Plaintiff
Geoffrey M. Peters Esq., Special Asst. U.S. Attorney, for Defendant

Mitchell J. Katz, U.S. Magistrate Judge

### MEMORANDUM DECISION & ORDER

Denise W. brought this action under the Social Security Act (42

U.S.C. § 405(g)) seeking judicial review of the Social Security

Commissioner's final decision denying her application for benefits. (Dkt.

1.). Denise W. consented to the jurisdiction of a Magistrate Judge. (Dkt.

6). Both parties filed briefs (Dkts. 14, 15, 16) which the Court treats as

motions under Fed. R. Civ. P. 12(c), in accordance with General Order

18.[2]

---

[1] This decision will identify the plaintiff using only her first name and last initial to
protect her privacy.

[2] The Court appreciates the use of hyperlinks in plaintiff's brief.

## I.    PROCEDURAL HISTORY

On June 22, 2021, Denise W. filed an application for Title XVI supplemental security income benefits, alleging disability beginning January 12, 2017. (T. 35).[3]  The Social Security Administration denied the claim initially on November 15, 2021, and again upon reconsideration on May 23, 2022. (*Id.*). Denise W. requested a hearing a month later. (*Id.*)

Administrative Law Judge ("ALJ") Robyn Hoffman held a hearing on October 14, 2022. (T. 57-64). At the hearing, Denise W. explained that she was exposed to COVID-19 and was experience symptoms. (T. 59). Denise W. agreed to a limited telephone appearance where ALJ Hoffman explained the right to representation. (T. 60-64).

On January 11, 2023, ALJ Hoffman held a supplemental hearing. (T. 35, 67-101). Denise W. appeared and testified at the hearing unrepresented. (T. 35, 67-101). On February 5, 2024, ALJ Hoffman issued an unfavorable decision. (T. 32-46).  The appeals council denied Denise W.'s appeal. (T. 1-7).

---

[3] All page references are to the Administrative Transcript ("T.") and not the page numbers assigned by the CM/ECF pagination system.

## II.   GENERALLY APPLICABLE LAW

### A. Disability Standards

To be considered disabled, plaintiffs seeking disability insurance or supplemental security income benefits must establish that they are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months …" 42 U.S.C. § 1382c(a)(3)(A). In addition, plaintiffs'

> physical or mental impairment or impairments [must be] of s uch severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [they] live[], or whether a specific job vacancy exists for [them], or whether [they] would be hired if [they] applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step process, set forth in 20 C.F.R. §§ 404.1520 and 416.920, to evaluate disability insurance and supplemental security income disability claims.

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [they are] not, the [Commissioner] next considers whether the claimant

has a "severe impairment" which significantly limits [their] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which meets or equals the criteria of an impairment listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider [them] disabled without considering vocational factors such as age, education, and work experience … Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [they have] the residual functional capacity to perform [their] past work. Finally, if the claimant is unable to perform [their] past work, the [Commissioner] then determines whether there is other work which the claimant can perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also* 20 C.F.R. §§ 404.1520, 416.920. Plaintiffs have the burden of establishing disability at the first four steps. *See Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). If they establish that their impairment prevents them from performing their past work, the burden then shifts to the Commissioner to prove the final step. *Id.*

## B. Scope of Review

When reviewing a final decision of the Commissioner, courts must determine whether the correct legal standards were applied and whether substantial evidence supported the decision. *Id.* at 417; *see also Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); 42

4

U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Id.* Yet this standard is a very deferential standard of review "—even more so than the 'clearly erroneous standard.'" *Brault*, 683 F.3d at 448. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, reviewing courts consider the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). But reviewing courts may not substitute their interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Id.*; *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

ALJs need not explicitly analyze every piece of conflicting evidence in the record. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983); *see also Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) ("[W]e are unwilling to require an ALJ explicitly to reconcile every

conflicting shred of medical testimony[.]"). But ALJs cannot "'pick and choose' evidence in the record that supports [their] conclusions." *Cruz v. Barnhart*, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004); *see also Fuller v. Astrue*, No. 09-CV-6279, 2010 WL 5072112, at *6 (W.D.N.Y. Dec. 6, 2010).

## III.    FACTS

The record includes Denise W.'s medical and mental health treatment records which the parties are familiar with. The Court will refer to the pertinent records and the hearing testimony in its analysis of the parties' claims as appropriate.

## IV.    THE ALJ'S DECISION

At Step One of the five-step-sequential analysis, ALJ Hoffman determined that Denise W. has "not engaged in substantial gainful activity since June 22, 2021, the application date." (T. 38) (cleaned up).

At Step Two, ALJ Hoffman concluded that Denise W. "had the following severe impairments: "anxiety and depressive disorders." (*Id.*) (cleaned up). ALJ Hoffman also determined that Denise W.'s "high blood pressure, restless leg syndrome, tremors, a heart condition, borderline diabetes, kidney dysfunction, insomnia, vertigo, silent

6

seizures, thalassemia, and possible fibromyalgia" were not severe. (T. 38-39.).

At Step Three, ALJ Hoffman determined that Denise W. "does not have an impairment, or combination of impairments, that medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix. 1." (T. 39) (internal citations omitted).

Next, ALJ Hoffman discussed the "paragraph B" criteria. (T. 14-15). "To satisfy the paragraph B criteria," mental impairments "must result in one extreme limitation or two marked limitations in a broad area of functioning." *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b) (cleaned up). The four broad areas of mental functioning are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) maintaining concentration, persistence, or pace; and (4) adapting and managing oneself. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(C). Here, ALJ Hoffman found the Paragraph B criteria unsatisfied because she determined that Denise W. had: (1) no limitations in understanding, remembering, or applying information; (2) mild limitations in interacting with others; (3) moderate limitations in

maintaining concentration, persistence, or pace; and (4) moderate limitations in adapting or managing oneself. (T. 42).

The ALJ also considered the "paragraph C" criteria. (*Id.*). The "paragraph C" criteria require a documented medical history of the existence of the disorder over a period of at least two years, with evidence of both (a) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder; and (b) marginal adjustment, that is, minimal capacity to adapt to changes in environment or to demands that are not already part of daily life. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(c). Here, ALJ Hoffman noted that the "paragraph C" criteria were not met. (T. 42).

After this, ALJ Hoffman determined that Denise W. had the residual function capacity ("RFC") to perform:

> a full range of work at all exertional levels. Mentally, the claimant retains the ability to understand and follow simple instructions and directions, perform simple tasks independently, maintain attention/concentration for simple tasks, and regularly attend to a routine and maintain a schedule. She can relate to and interact appropriately with all others to the extent necessary to carry out simple tasks. The claimant can handle simple, repetitive, work-related stress in that she can make occasional decisions directly related to the performance of simple tasks in a position with consistent job

duties that do not require her to supervise or manage the work of others.

(T. 42).

To make this finding, ALJ Hoffman considered "the medical opinion(s) and prior administrative medical finding(s)" pursuant to 20 C.F.R. § 416.920c. (T. 44).

At Step Four, ALJ Hoffman reasoned that Denise W. "has no past relevant work," is within the "individuals closely approaching advanced age" category, has "the equivalent of a high school education," and "transferability of skills is not an issue." (T. 44-45).

Finally, at Step Five, ALJ Hoffman concluded that "considering" Denise W.'s "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that" she "can perform." (T. 45). Accordingly, ALJ Hoffman determined that Denise W. is not disabled as defined by the Social Security Act. (*Id.*).

## V.   ISSUES IN CONTENTION

Denise W. argues: (1) ALJ Hoffman committed legal error because she failed to properly evaluate the opinion of Dr. R. Figueroa; and

(2) ALJ Hoffman committed legal error when she failed to find Denise W.'s headaches a severe impairment at Step Two. (Pl. Br. at pgs. 1, 6-18).[4] In response, the Commissioner argues that ALJ Hoffman did not commit any legal errors. (Def. Br. at pgs. 4-14).

## VI.   DISCUSSION

The Court affirms ALJ Hoffman's decision. First, the Court holds that ALJ Hoffman correctly determined that Denise W.'s headaches were not a severe impairment. And second, the Court holds that ALJ Hoffman erred when performing the consistency analysis on Dr. Figueroa's opinion, but that error was harmless.

### A. ALJ Hoffman correctly determined that Denise W.'s headaches were not a severe impairment.

The Court affirms ALJ Hoffman's determination that Denise W.'s headaches were not severe.

At Step Two of the five-step-sequential analysis, ALJs determines whether claimants have a severe medically determinable physical or mental impairment. *Petrie v. Astrue,* 412 F. App'x 401, 404 (2d Cir. 2011) (summary order). A "severe impairment" is any "impairment or

---

[4] (Pl. Br.) refers to Plaintiffs Brief, Dkt. 14, and (Def. Br.) refers to Defendants Brief, Dkt. 15.

combination of impairments which significantly limits" a claimants

"physical or mental ability to do basic work activities." 20 C.F.R. §

416.920(c). Claimants bear "the burden of presenting evidence [that]

establish[es] severity." *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265

(N.D.N.Y. 2012) (citations omitted). Claimants must provide evidence of

the impairments impact and "any limitations that it may impose upon

the ability to perform basic work functions." *Mark Robert L. v. Comm'r*

*of Soc. Sec.*, 17-CV-0142 (DEP), 2018 WL 4509493 at *6 (N.D.N.Y. Sept.

20, 2018). ALJs should only make non-severe findings when "the

medical evidence establishes only a slight abnormality which would

have no more than a minimal effect on an individual's ability to work."

*Taylor,* 32 F. Supp. 3d. at 265. "The Step-Two severity standard is *de*

*minimis* and intended only to screen out the very weakest cases."

*Brenda H. v. Comm'r of Soc. Sec.*, 20-CV-01025, 2022 WL 125820 at *3

(W.D.N.Y. Jan. 13, 2022) (cleaned up)

ALJ Hoffman properly determined that Denise W.'s headaches

were not severe. ALJ Hoffman determined that Denise W.'s headaches

are not severe for three reasons. *First*, Denise W. "has not been

hospitalized or required emergency treatment specifically for headaches

and there is no evidence that she keeps a headache diary." (T. 39). *Second,* Denise W. did not "mention headaches during consultative internal medical exams conducted in November 2021 and April 2022." (*Id.*) (internal citations omitted). *Third,* Denise W.'s "clinical exam[s] [were] mostly normal[,] and a CT scan of her head was negative." (*id.*) (cleaned up). Starting with the first reason, ALJ Hoffman is allowed to find headaches non-severe because Denise W. failed to include a headache diary. *See Snyder v. Comm'r of Soc. Sec.,* No. 22-277-CV, 2023 WL 1943108, at *3 (2d Cir. Feb. 13, 2023) (affirming the ALJ's non-severe determination where the ALJ noted that, among other things, the plaintiff "did not submit a headache log to support the frequency of headaches she alleged," and "that the plaintiff did not require recurrent hospitalizations"). Next, ALJ Hoffman is allowed to rely on Denise W.'s failure to complain about her headaches. *See Couse,* 2017 WL 1437505, at *4 (cleaned up) (recommending  the District Court affirm the ALJ's finding that the plaintiff's headaches were not severe because the "[p]laintiff did not complain of headaches to the consultative examiner in January of 2013."). With the first two statements, ALJ Hoffman properly determined that Denise W.'s headaches were not severe.

ALJ Hoffman may have erred by relying on objective measurements when finding Denise W.'s headaches were not severe, but that error was not fatal. To start, the Court hedges on whether the use of objective evidence to establish headaches as severe is error because there is an intra-circuit split on this issue. *Compare Ramona R. v. Saul*, No. 19-CV-1630F, 2021 WL 732694, at *4 (W.D.N.Y. Feb. 25, 2021) (reasoning that "district courts within the Second Circuit, including this court, have repeatedly acknowledged that there is no objective test for migraine headaches.") (collecting cases) *with Linda M. v. Kijakazi*, No. 3:21-cv-57 (DJS), 2022 WL 4550810, at *7 (N.D.N.Y. Sept. 28, 2022) ("It is therefore clear that not only is an ALJ *entitled* to rely on objective evidence to find a primary headache disorder as a medically determinable impairment, but such evidence is in fact *required* by the regulations"). But as noted above, ALJ Hoffman did not *only* rely on clinical evidence. So even if ALJ Hoffman's reliance on objective measurements was error, it was not fatal.

Denise W. did not establish that her headaches were severe. Denise W. correctly argues that there is evidence in the record that she had headaches; but that evidence is insufficient to establish the severity

13

of her headaches. The record shows that providers treated Denise W. for headaches on numerous occasions. *See, e.g.,* (T. 583, 598, 670, 674, 756). But the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, by itself, sufficient to render a condition severe." *Taylor*, 32 F. Supp. 3d at 265. Worse yet, Denise W. "failed to show that [her] headaches caused any limitations." *Couse,* 2017 WL 1437505, at *4. Denise W.'s argument further fails because she concedes that her "headaches are linked with her anxiety" and ALJ Hoffman considered Denise W. anxiety, which doubles as consideration of Denise W.'s headaches. (Pl. Br. at pg. 16); *Cf. Cruz v. Colvin,* No. 15-CV-176S, 2017 WL 1190488, at *3 (W.D.N.Y. Mar. 31, 2017) ("[B]ecause the limitations arising from Plaintiff's TMJ-induced headaches were properly incorporated into the RFC, there was no error in not specifically naming TMJ as a severe impairment at Step Two."). In essence, Denise W. did not carry her burden to prove that her headaches were severe.

Denise W. also argues that ALJ Hoffman's "headache analysis does not give sufficient consideration to [Denise W.]'s subjective reports of headaches or her treatment." (Pl. Br. at pg. 14). The Court rejects

14

this argument because it is a thinly-veiled request to reweigh the evidence. *See Krull v. Colvin,* 669 F. App'x 31, 32 (2d Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it."). Indeed, "it is within the ALJ's discretion . . . to consider the claimant's subjective complaints, evaluate her credibility, and make an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged." *Jackson v. Berryhill*, No. 17-CV-6268, 2018 WL 3306193, at *5 (W.D.N.Y. July 5, 2018) (cleaned up).

Even if the Court is wrong as to the above analysis, there is an alternative basis to affirm ALJ Hoffman's Step Two decision. If the ALJ considers the non-severe ailments after Step Two, then the error is harmless. *See, e.g., Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) ("And, in those subsequent steps, the ALJ specifically considered [the plaintiff's] anxiety and panic attacks[,]" which the ALJ considered non-severe. And "[b]ecause these [non-severe] conditions were considered during the subsequent steps, any error was harmless."). Here, ALJ Hoffman considered Denise W.'s headaches after

Step Two. When crafting the RFC, ALJ Hoffman noted that Denise W. "claimed to have daily panic attack characterized by rapid heartbeat, *headaches*, shortness of breath, shakiness, and confusion." (T. 43) (internal citation omitted) (emphasis added). Two paragraphs later, ALJ Hoffman noted that she "considered the claimant's alleged symptoms and the effect they have purportedly had on her daily functioning." (*Id.*). Altogether, this is enough to establish that ALJ Hoffman considered Denise W.'s headaches after Step Two. *See, e.g., Mikus v. Berryhill*, No. 6:16-CV-284 (DJS), 2017 WL 1319838, at *4 (N.D.N.Y. Apr. 7, 2017) ("[B]ecause ALJ Martin clearly considered the headache disorder later in her opinion, I find that the omission of a discussion regarding Plaintiff's headaches at Step Two was harmless and thus find no reversible error with regard to this aspect of the ALJ's decision.").

* * *

To end, the Court finds that ALJ Hoffman did not err as to Step Two. The ALJ properly determined that Denise W.'s headaches were not severe. But even if ALJ Hoffman erred, the error was harmless.

16

**B. ALJ Hoffman erred when performing the consistency analysis on Dr. Figueroa's opinion, but that error was harmless.**

The Court affirms ALJ Hoffman's decision. ALJs are specifically required to explain how they considered the supportability and consistency factors for a medical opinion. But failure to do so is not fatal if the error is harmless. Here, ALJ Hoffman erred when performing the consistency analysis on Dr. R. Figueroa's medical opinion. But the Court can glean how ALJ Hoffman found Dr. Figueroa's medical source statement inconsistent with the other opinions. As a result, the error does not require remand.

ALJs must consider all medical opinions and evaluate their persuasiveness based on their supportability, consistency, the author's relationship with the claimant, the author's specialization, and other factors. *Tyler W. v. Comm'r of Soc. Sec.*, No. 22-CV-01345 (CFH), 2024 WL 1075209, at *7 (N.D.N.Y. Mar. 12, 2024). "The two most important factors for determining the persuasiveness of medical opinions are consistency and supportability[.]" *Stephanie F. v. Kijakazi*, No. 20-CV-1528 (BKS), 2022 WL 3355964, at *9 (N.D.N.Y. Aug. 15, 2022). Because that is  so, ALJs must "explain how [they] considered the supportability

17

and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability" means that "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1) (cleaned up). "Consistency" means that "the more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). In plain English, supportability is an internal check—examining whether the medical source references medical evidence that comes from the medical source. Consistency is an external check—examining whether the medical sources references evidence from other medical and nonmedical sources.

An ALJ's "failure to explain the supportability and consistency of the medical opinions in the record is procedural error." *Stephanie F.*,

2022 WL 3355964, at *9. And procedural errors are subject to harmless error review. *See id; see also Loucks v. Kijakazi*, No. 21-CV-1749, 2022 WL 2189293, at *2 (2d. Cir. 2022) (summary order) (applying harmless error review to a procedural error).

ALJ Hoffman properly performed the supportability analysis on Dr. Figueroa's opinion. ALJ Hoffman rejected Dr. Figueroa's opinion that Denise W. has "moderate limitations for prolonged sitting, standing, and walking" and Denise W. "should avoid ladders and unprotected heights." (T. 39) (citing T. 547). ALJ Hoffman, supporting her decision to reject Dr. Figueroa's limitations, reasoned that Dr. Figueroa's exam findings were largely unremarkable. (T. 39). Specifically, ALJ Hoffman noted that Dr. Figueroa found that Denise W. had a normal gait and station, needed no help changing for the exam, needed no help getting on and off the exam table, had no difficulty walking on her heels and toes, had no difficulty rising from her chair, and Denise W. did not use any assistive device. (T. 39). ALJ Hoffman concluded that Dr. Figueroa's "findings do not support [the] proposed limitations." (*Id.*). "Dr. Figueroa's objective findings . . . are indeed difficult to reconcile with her medical source statement." *Cheryl*

19

*A. L. v. Comm'r of Soc. Sec. Admin., No.* 523-CV-151 (AMN/TWD), 2024 WL 1073442, at \*10 (N.D.N.Y. Feb. 5, 2024) (cleaned up) (recommending the District Court affirm the ALJ's decision). So the Court finds that ALJ Hoffman properly performed the supportability analysis as to Dr. Figueroa's opinion. *See Vellone v. Saul,* No. 20-CV-261, 2021 WL 319354, at \*6 (S.D.N.Y. Jan. 29, 2021) ("in cases where the new regulations apply, an ALJ must explain his/her approach with respect to the first two factors when considering a medical opinion").

ALJ Hoffman did not properly perform the consistency analysis on Dr. Figueroa's opinion. ALJs "must specifically set forth how they considered the consistency of a medical opinion in the analysis of the medical opinion, not merely refer to the other medical evidence at some point in the decision." *Kathleen A. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-1034 (LEK), 2022 WL 673824, at \*6 (N.D.N.Y. Mar. 7, 2022). But here ALJ Hoffman failed to do so. When performing the consistency analysis, ALJ Hoffman only concluded Dr. Figueroa's opinion is inconsistent "with the other aforementioned medical opinions, activities and examination findings." (T. 39). Frankly, that is an insufficient articulation of the consistency analysis. *See, e.g., William B. J. v.*

*Comm'r of Soc. Sec.*, No. 6:20-CV-0989 (LEK), 2022 WL 344059, at *5 (N.D.N.Y. Feb. 4, 2022) (remanding the ALJ's decision where "the ALJ concluded that the 'opinion is somewhat persuasive and somewhat consistent with the record because he is the claimant's treating physician.'").

ALJ Hoffman's articulation error was harmless. The Court can easily glean why ALJ Hoffman found Dr. Figueroa's moderate limitations inconsistent with the other opinions. Dr. S. Siddiqui, a state agency physician, opined that Denise W. has no physical limitations. (T. 120). Exactly the same, Dr. R. Mohanty, M.D., a state agency physician, opined that Denise W. has no physical limitations. (T. 139-40). Both doctors came to this conclusion after reviewing Denise W.'s medical records and finding that she had a "normal gait, [full range of motion,] and 5/5 strength throughout." (T. 112, 130). Dr. Mohanty, who had additional medical records, also noted that Denise W. did not use an assistive device, can walk on her heels/toes without difficulty, her "[t]andem walk [is] normal[,]"and she can rise from her seat without difficulty." (T. 131). Elke Lorensen, M.D., a consultative examiner, made those same findings when she consultatively examined Denise W.

21

(T. 533-34). After finishing her examination, Dr. Lorensen concluded that Denise W. had "no gross limitations[.]" (T. 535). But oddly, Dr. Figueroa—who also found that Denise W. has a normal gait, does not use an assistance device can walk on her heels and toes without difficulty, her tandem walk is normal, needs no help changing for the exam, needs no help getting on and off the exam table, and is able to rise from the chair without difficulty—crafted moderate limitations. (T. 544-48). In short, Dr. Figueroa had the same medical findings as three other providers and crafted a completely different medical source opinion. *Compare* (T. 548) *with* (T. 112, 130, 535). That is the definition of inconsistent. As a result, ALJ Hoffman's articulation error is harmless.

Denise W.'s cherry-picking argument is unpersuasive. Denise W. argues that ALJ Hoffman erred because "[t]he ALJ d[id] not explicitly address Plaintiff's mental health treatment records as a basis to discredit Dr. Figueroa's opinion, and the description of these records contained later in the decision is insufficient to do so." (Pl. Br. at pg. 9). This argument is gob smacking. ALJ Hoffman need not rely on *mental health* records when addressing the supportability and consistency of

22

*physical limitations*. If ALJ Hoffman relied on mental health records to find Denise W.'s physical limitations insufficient for disability, Denise W. would claim error, and she would be correct. One has nothing to do with the other. So this Court rejects Denise W.'s cherry-picking argument.

* * *

To conclude, the Court finds that ALJ Hoffman erred in her consistency analysis of Dr. Figueroa's opinion. But the error was harmless. Thus, it does not warrant remand. *See, e.g., Daniel M. S. v. Comm'r of Soc. Sec.*, No. 5:24-CV-379 (BKS/TWD), 2025 WL 957411 at *4 (N.D.N.Y. Mar. 31, 2025) (cleaned up) (affirming the ALJ's decision where there was a procedural error occurred). In consequence, the Court affirms ALJ Hoffman's decision.

## VII.  CONCLUSION

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Denise W.'s motion for judgment on the pleadings (Dkt. 14) is **DENIED**; and it is further

**ORDERED**, that the Commissioner's motion for judgment on the pleadings (Dkt. 15) is **GRANTED**; and it is further

24

**ORDERED**, that the decision of the Commissioner is

**AFFIRMED,** and Denise W.'s Complaint (Dkt. 1) is **DISMISSED IN**

**ITS ENTIRETY.**


Dated: April 9, 2026

                                       _____

                                       Hon. Mitchell J. Katz
                                       U.S. Magistrate Judge